**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4710**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

        v.

KEVIN MAYBERRY,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.   R. Bryan Harwell, District Judge.
(4:12-cr-00567-RBH-1)

———————

Submitted:  February 12, 2015        Decided:  February 18, 2015

———————

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina, for Appellant. John C. Potterfield,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Mayberry appeals the district court's judgment revoking his supervised release and sentencing him to nine months' imprisonment followed by twenty-seven additional months of supervised release. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the court committed procedural or substantive error in sentencing Mayberry. Mayberry was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. Following our careful review of the record, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence if it falls within the prescribed statutory range and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable, applying the same general considerations employed in review of original sentences. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for

2

[G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Only if we find the sentence unreasonable will we consider whether it is "plainly" so. Id. at 657 (internal quotation marks omitted).

A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter Seven policy statements and the 18 U.S.C. § 3553(a) (2012) factors applicable to revocation sentences. 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 439. Although a district court must provide a statement of reasons for the sentence it imposes, it "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Nor do its reasons need to be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration under [§ 3553(a)] and [were] clearly tied to [the defendant's] particular situation." Moulden, 478 F.3d at 658.

A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. A sentence within a properly-calculated policy statement range is presumed

3

substantively reasonable. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007).

Here, the district court properly considered the advisory policy statement range and arguments from counsel and Mayberry before sentencing Mayberry at the top of the policy statement range. While the district court's explanation for its sentence was not detailed or lengthy, it clearly expressed the court's conclusion that Mayberry had abused the court's prior leniency by wholly neglecting his restitution obligation, and that a sentence at the high end of the policy statement range was necessary to sanction Mayberry's unmitigated breach of trust. See <u>U.S. Sentencing Guidelines Manual</u> ch. 7, pt. A(3)(b) (2011) (providing revocation sentence should "sanction primarily the defendant's breach of trust"). Neither Mayberry nor the record rebuts the presumption of substantive reasonableness accorded his sentence. See <u>Allen</u>, 491 F.3d at 193. We therefore discern no unreasonableness, plain or otherwise, in Mayberry's sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Mayberry, in writing, of the right to petition the Supreme Court of the United States for further review. If Mayberry requests that a petition be filed, but

4

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mayberry.

AFFIRMED